IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COBBLER NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15-cv-5282 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| DOES 1-37, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

By its own motion, the Court severs Doe 1 from the remaining defendants and dismisses Does 2-37 from this suit without prejudice to plaintiff suing them individually. The order allowing expedited discovery [Dkt. #10], and the September 14, 2015 status hearing will stand with respect to Doe 1 only.

## STATEMENT

Plaintiff alleges that defendant Does 1-37 infringed its copyright of a motion picture by copying it from and distributing it on the internet in a "swarm" using a BitTorrent protocol. (Compl. ¶¶ 1-6.) Though Plaintiff alleges that each defendant participated in the swarm at a different time between 12:46 a.m. on March 15, 2015 and 10:23 a.m. on March 20, 2015 (*id.*, Ex. B), it has joined all of them in this suit. Multiple defendants may be joined in one action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all [of them] will arise in the action." Fed. R. Civ. P. 20(a)(2).

Whether multiple defendants can properly be joined in one suit based on their participation in a BitTorrent swarm is a subject of debate. *Compare, e.g., Malibu Media, LLC v.*

*Reynolds*, No. 12 C 6672, 2013 WL 870618, at *13 (N.D. Ill. Mar. 7, 2013) ("[T]o join multiple anonymous defendants in a single suit for copyright infringement based on the alleged use of the BitTorrent protocol, a plaintiff must either (1) establish that the defendants were simultaneously present in the same swarm, or (2) show that they accessed the swarm in close temporal proximity (within hours of one another, not days or weeks) such that it can plausibly be inferred that the defendants may have downloaded and uploaded content through the same series of transactions."), *with Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 203 (N.D. Ill. 2013) ("'[I]t is difficult to see how the sharing and downloading activity alleged in the Complaint – a series of individuals connecting either directly with each other or as part of a chain or "swarm" of connectivity designed to illegally copy and share the exact same copyrighted file – could not constitute a "series of transactions or occurrences" for purposes of Rule 20(a).'") (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. 2012)). However, this Court agrees with those that have rejected swarm participation as a basis for joinder. As recently noted by one court in this district:

> Two BitTorrent users who download the same file . . . are like two individuals who play blackjack at the same table at different times. They may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions. And simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.

*Clear Skies Nev., LLC v. Doe*, No. 15 C 6713, 2015 U.S. Dist. LEXIS 101546, *4 (N.D. Ill. Aug. 4, 2015) (citation and quotations omitted).

Even if the requirements for joinder were satisfied, the Court would still exercise its discretion to sever Does 2-37 from this suit. *See* Fed. R. Civ. P. 21 ("[T]he court may at any time, on just terms, add or drop a party."); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016

(7th Cir. 2000) (stating that district courts have "broad discretion" to determine whether to sever). As the Court in *Pacific Century Int'l, Ltd v. Does 1-101*, aptly noted:

> The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel it to sever Does 2-101 from this case. An internet based copyright infringement case with at least 101 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 101 such claims would be inefficient, chaotic, and expensive. Each Defendant's varying defenses would require the court to cope with separate discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross.

No. C-11-02533 (DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) (citations omitted); *see also Malibu Media*, 2013 WL 870618, at *15 ("[T]he individualized issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through a plaintiff's mass-litigation strategy."). Therefore, the Court severs Doe 1 from the remaining defendants and dismisses Does 2-37 from this suit without prejudice to plaintiff suing them individually.

## **CONCLUSION**

For the reasons set forth above, the Court severs Doe 1 from the remaining defendants and dismisses Does 2-37 from this suit without prejudice to plaintiff suing them individually. The order allowing expedited discovery [Dkt. #10], and the September 14, 2015 status hearing will stand with respect to Doe 1 only.

**SO ORDERED.**                             **ENTERED:  August 25, 2015**

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**